# EXHIBIT "A"

**PLEASE TAKE NOTICE**, that pursuant to Section 253/254 of the Vehicle and Traffic Law of the State of New York, the Summons and Complaint was served by delivering a copy thereof at the regularly established office of the Secretary of State located at 123 William Street, New York, NY 10038, and a copy of said Summons and Complaint together with this notice is hereby mailed to you by Certified Mail, Return Receipt Requested, pursuant to the provisions of said statute. Tendered at that time was the statutory fee of $10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
OSVALDO DE LUNA,

                              Plaintiff,

        -against-

JB HUNT TRANSPORT, and ANTHONY LEE TYSON,

                            Defendants.
---------------------------------------------------------------X

Index No.:
Purchase date:

Plaintiff designates Bronx County as the place of trial.

## SUMMONS

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
3615 Greystone Avenue
County of Bronx

### To the above named Defendants

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within (20) twenty days after the service of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within (30) thirty days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
         August 20, 2021

_____
ADA R. PRETTO, ESQ.
BUDIN, REISMAN, KUPFERBERG & BERNSTEIN LLP
Attorneys for Plaintiff
Office & P.O. Address
112 Madison Avenue
New York, NY 10016
(212) 696-5500
Our File # NN11538/JR

Defendants' Addresses:

**JB HUNT TRANSPORT**, 9200 East 146th Street, Noblesville, IN 46060
**ANTHONY LEE TYSON**, 45 Wheeler Street, Waterbury, CT 06704

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
OSVALDO DE LUNA,

                                                    **VERIFIED COMPLAINT**

                    Plaintiff,

                                                    Index No.:

                -against-

JB HUNT TRANSPORT, and ANTHONY LEE TYSON,

                    Defendants.
-----------------------------------------------------------------------X

        Plaintiff, by his attorneys, BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP complaining of the defendants, respectfully allege, upon information and belief, as follows:

1.       That this action is brought pursuant to the provisions of the New York State Comprehensive Motor Vehicle Insurance Reparations Act and plaintiffs have complied with all of the conditions thereof.

2.       That plaintiff has sustained serious injuries as defined in §5102(d) of the Insurance Law of the State of New York.

3.       That by reason of the foregoing, plaintiff is entitled to recover for non-economic losses as are not included within the definition of "basic economic loss" as set forth in §5102(a) of the Insurance Law of the State of New York.

4.       That plaintiff is a "covered person" as defined in §5102(j) of the Insurance Law of the State of New York.

5.       That this action falls within one or more of the exceptions as set forth in CPLR §1602.

6.       Upon information and belief, that at all of the times and places hereinafter

mentioned, defendant JB HUNT TRANSPORT, was a domestic corporation.

7. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant JB HUNT TRANSPORT, was a foreign corporation.

8. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant JB HUNT TRANSPORT, did business in the State of New York.

9. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, JB HUNT TRANSPORT, was the owner of a certain motor vehicle bearing State of Indiana plate number 2699452.

10. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant JB HUNT TRANSPORT, was the lessee of the aforesaid motor vehicle.

11. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant JB HUNT TRANSPORT, was the lessor of the aforesaid motor vehicle.

12. Upon information and belief, that at all of the times and places hereinafter mentioned. Defendant JB HUNT TRANSPORT, was the registrant of the aforesaid motor vehicle.

13. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant JB HUNT TRANSPORT, was the titleholder of the aforesaid motor vehicle.

14. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, JB HUNT TRANSPORT, controlled the aforesaid motor vehicle.

15. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant, JB HUNT TRANSPORT, maintained the aforesaid motor vehicle.

16. Upon information and belief, that at all of the times and places hereinafter mentioned, defendant ANTHONY LEE TYSON operated the aforesaid motor vehicle.

17. Upon information and belief, that at all of the times and places hereinafter

mentioned, defendant, ANTHONY LEE TYSON, was operating the aforesaid motor vehicle with the knowledge, permission and consent of the owner thereof.

18. Upon information and belief that at all of the times and places hereinafter mentioned, the aforesaid motor vehicle was being operated upon the business of the owner thereof.

19. Upon information and belief, that at all of the times and places hereinafter mentioned, the aforesaid motor vehicle was being operated upon the business of the operator thereof.

20. Upon information and belief, that at all of the times and places hereinafter mentioned, the operator of the aforesaid motor vehicle was in the employ of the owner thereof.

21. That at all of the times and places hereinafter mentioned, plaintiff was the operator of a certain motor vehicle bearing State of New York license plate number HVK4677.

22. That at all of the times and places hereinafter mentioned, North 3rd Avenue and East Sidney Avenue, in the County of Westchester, State of New York, were public roadways and/or thoroughfares.

23. That on or about July 10, 2020, at or about the intersection of North 3rd Avenue and East Sidney Avenue, in the County of Westchester, City and State of New York, there was contact between the defendants' motor vehicle and plaintiff's motor vehicle.

24. That the said accident and the injuries and damages to the plaintiff resulting therefrom were caused solely and wholly by reason of the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees in the ownership, operation and control of their motor vehicle, in that they failed to have and keep the same under reasonable and proper control; in that they failed to bring their motor vehicle under control in time to avoid the collision; in that they caused, allowed and permitted the motor vehicle to run into and violently collide with

4

the plaintiff's motor vehicle; in that they failed to have their attention before them; in that they failed to look; in that they failed to see; in that they operated and controlled their motor vehicle at a fast and excessive rate of speed under the circumstances and conditions then and there prevailing; in that they failed to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in failing to apply the brakes of their motor vehicle or to take other proper and appropriate evasive action in time to avoid running into and violently colliding with the plaintiff's motor vehicle; in operating the aforesaid motor vehicle in an unreasonable and imprudent manner; in that they operated and controlled their motor vehicle in reckless disregard for the safety of others, and the plaintiff in particular; in that they violated the statutes, ordinances, rules and regulations in the cases made and provided; in that they were inattentive to their duties wherein had they been attentive to their duties the accident and ensuing injuries could have and would have been avoided; in that they failed to act as a reasonable and prudent person could have and would have under the circumstances and conditions then and there prevailing; in that they operated and controlled their motor vehicle in such a willful, wanton and grossly culpable manner as to be liable for damages and punitive damages; in that they acted in reckless disregard for the safety of others, and the plaintiff in particular; and in that they failed to take all necessary and proper means and precautions to avoid said accident.

25. That as a result of the negligence of the defendants, their agents, servants and/or employees, plaintiff sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his said injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual business and/or occupation and sustained a loss of earnings thereby; and he

was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his said injuries, and incurred obligations therefor.

WHEREFORE, plaintiff demands judgment against the defendants in an amount that exceeds the jurisdictional limits of all lower Courts; together with interest, and the costs and disbursements of this action.

Dated: New York, New York
August 20, 2021

Yours, etc.

_____
ADA R. PRETTO, ESQ.
BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP
Attorneys for Plaintiff
Office and P.O. Address
112 Madison Avenue
New York New York 10016-7416
(212) 696-5500
Our File No. NN11538;jr

## VERIFICATION

The undersigned, being an attorney duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury:

That I am one of the attorneys for the plaintiff in the within action; that I have read and know the contents of the foregoing complaint, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe it to be true.

This verification is made by affirmation and not by plaintiff herein because the plaintiff is not presently within the county wherein affirmant maintains an office.

This verification is based on information furnished by plaintiff in this action and information contained in affirmant's file.

Dated:   New York, New York
         August 20, 2021

_____
ADA R. PRETTO